UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 21-cr-253-MOC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MANDEL BALDWIN | ) | |
| | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* PURSUANT
TO FEDERAL RULE OF EVIDENCE 1006**

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby gives notice and moves this Court *in limine* to permit the Government to introduce summary charts as substantive evidence pursuant to Federal Rule of Evidence 1006.

During its case-in-chief, the United States will present the testimony of United States Secret Service Analyst Barbara Scott. Through Analyst Scott, the United States intends to offer during the presentation of its case-in-chief summaries of voluminous financial records, including but not limited to deposits, withdrawals, and wire transfers from and between various bank accounts. Analyst Scott will provide an analysis of the financial records and the various specific financial transactions conducted during both the wire fraud and securities fraud schemes.

The United States will provide Defendant Baldwin with copies of any such charts and summaries in advance of trial. Moreover, consistent with Rule 1006, the underlying documents supporting the charts and summaries were produced to Defendant in discovery.

Federal Rule of Evidence 1006 provides that the "contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Rule 1006 permits the introduction of such summary charts where the

1

voluminous writings underlying the chart cannot be easily examined in court. *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004). As the Court explained, "Rule 1006 is a rule to admit charts into evidence as a surrogate for underlying voluminous records." *Id.* at 272. Thus, while "the records summarized must otherwise be admissible in evidence," Rule 1006 "does not require that the underlying documentation actually be introduced into evidence." *Id.* at 272-73. In addition, Rule 1006 requires that the documents to be summarized by made available to the opposing party for examination. The purpose of Rule 1006 "is to reduce the volume of written documents that are introduced into evidence by allowing in evidence accurate derivatives from the voluminous documents." *Id.* at 272. Once admitted, a Rule 1006 exhibit constitutes substantive evidence. *Id.; see also, Bristol Steel & Iron Works v. Bethlehem Steel Corp.,* 41 F.3d 182, 190 (4th Cir. 1994).

Because the information in the government's summary exhibits will be derived from admissible evidence and in some cases from exhibits the government will introduce at trial, the summary charts comply with Rule 1006 because they are an accurate summarization of the evidence and the underlying records are otherwise admissible in evidence. *Janati*, 374 F.3d at 273.

RESPECTFULLY SUBMITTED this 1st day August, 2022.

    DENA J. KING

    UNITED STATES ATTORNEY

    /s/ CARYN FINLEY
    CARYN FINLEY
    Assistant United States Attorney
    New York Bar Number: 3953882

    /s/ KENNETH SMITH
    KENNETH SMITH

2

Case 3:21-cr-00253-MOC-DCK   Document 27   Filed 08/01/22   Page 2 of 3

Assistant United States Attorney
N.C. State Bar No. 17934

United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)