IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:21-cr-253-MOC |
| | ) | |
| v. | ) | **NOTICE OF INTENT TO** |
| | ) | **INTRODUCE EVIDENCE AND** |
| MICHAEL MANDEL BALDWIN | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF ITS ADMISSIBILITY** |
| | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and files this Notice of Intent to Introduce Evidence pursuant to Fed. R. Evid. 404(b). The United States hereby provides notice that it may seek to introduce during the trial of this case evidence of Defendant's 2014, 2015, 2016, and 2017 Individual Income Tax Returns, Forms 1040 filed with the Internal Revenue Service ("IRS") and certificates of lack of record for any tax filings by Miracle Mansion with the IRS.

The United States respectfully submits that much of this evidence is inextricably intertwined with the charged criminal conduct and provides proof of intent and concealment, and therefore it is not evidence of other wrongs or acts subject to analysis under Rule 404(b). However, to the extent that this evidence is viewed as 404(b) evidence, it is necessary, relevant, and reliable as highly probative of Defendant's intent, lack of mistake, planning, and knowledge of the charged crimes, and its probative value is not substantially outweighed by any purported unfair prejudice.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

Defendant Michael Baldwin is charged with one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78(ff), and one count of wire fraud, in violation of 18 U.S.C. § 1343. According to the indictment, from 2009 to October 2021, the Defendant was the Chief Executive

1

Officer of Miracle Mansion, LLC (Miracle Mansion). Over the course of the fraudulent scheme, the Defendant and his agents solicited investments in Miracle Mansion from individuals and entities, located throughout the United States, including in North Carolina, Virginia, and Georgia.

As part of the fraudulent investment scheme, the Defendant created and distributed, and caused to be created and distributed, promotional materials to potential investors and met with investors in person and virtually. During these meetings, the Defendant induced his investors by making false representations that their money would be used to create, develop, and construct Miracle Mansion, including the purchase of the land on which Miracle Mansion would be located. The Defendant also falsely represented to potential investors that The Kennedy Center and high-level executives at Hobby Lobby and Chick-Fil-A had endorsed and supported Miracle Mansion.

Contrary to the Defendant's representations to investors, rather than using the victims' money to create, develop, and construct Miracle Mansion, Baldwin spent hundreds of thousands of dollars on his personal lifestyle, including to pay for personal expenses, for travel, and restaurants, and to make credit card payments and cash withdrawals. He also allegedly used a portion of the money to pay others involved in Miracle Mansion, and to make Ponzi style payments to other investors.

The United States intends to offer one category of anticipated evidence that is admissible under Federal Rule of Evidence 401 and 403, and it may be considered "other acts" evidence under Federal Rule of Evidence 404(b): Defendant's tax returns, filed with the IRS between 2014 and 2017, and certificates of lack of record for any filings with the IRS on behalf of Miracle Mansion. Here, the tax returns filed by the Defendant in 2014, 2015, 2016, and 2017,

and the failure to file any tax returns on behalf of Miracle Mansion, establish that the Defendant concealed the fraudulent proceeds of his scheme from the federal government. For example, the filed personal income tax returns do not list his occupation as CEO of Miracle Mansion, and he did not report as income any of the Miracle Mansion funds used for his personal benefit. Further, Miracle Mansion did not file any tax returns at all, thereby concealing its receipt of investment funds and expenses from the government.

## II. LEGAL AUTHORITY

Under Federal Rule of Evidence 401, evidence is relevant and admissible (if not otherwise barred by the rule) if "it has any tendency to make a fact more or less probable than it would be without the evidence," and that fact is material – *i.e.*, "the fact is of consequence in determining the action." FRE 401. As the Fourth Circuit has routinely observed, "relevance typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) (citing *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). Indeed, "to be admissible, evidence need only be 'worth consideration by the jury' or have a 'plus value.'" *Leftenant*, 341 F.3d at 346 (quoting *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997). Under Federal Rule of Evidence 403, however, a court "may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FRE 403 (emphasis added). The question of admissibility of evidence under these rules is typically committed to a trial court's sound discretion, and it is reviewed on appeal only for abuse of discretion. *See, e.g., United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007); *United States v. Iskander*, 407 F.3d 232, 236 (4th Cir. 2005); *United States v. Barile*, 286 F.3d 749, 753 (4th Cir. 2002).

Rule 404 does not apply if the proponent offers evidence that is evidence of the charged act itself. *United States v. Lighty,* 616 F.3d 321, 352 (4th Cir. 2010). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode." *United States v. Otuya*, 720 F.3d 183, 199 (4th Cir. 2013). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (quoting *United States v. Kennedy*, 32 F. 3d 876, 885 (4th Cir. 1994)).

Federal Rule of Evidence 404(b) states that evidence of crimes, wrongs, or other acts is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, the evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

In evaluating whether evidence is properly admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," the Fourth Circuit applies the four-part test set forth in *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997); *e.g.*, *United States v. Garcia-Lagunas*, 835 F.3d 479, 493 (4th Cir. 2016); *United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013). As such, courts considering the admissibility of prior-act evidence still must determine whether the following criteria are met:

> (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature.

*Id.* (quoting *Queen*, 132 F.3d at 995). The Fourth Circuit continues to recognize that "Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition. *Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) (quoting *United States v. Rooks*, 596 F.3d 204, 209–10 (4th Cir. 2010)); *see also United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (citing *Queen)*.

In analyzing the relevance of prior-acts evidence, the Fourth Circuit has "repeatedly found that the prior act which is alleged to be probative of an element of the crime must be 'sufficiently related to the charged offense.'" *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010) (quoting *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991)). In recent cases, the Fourth Circuit has explained that "[t]he more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012) (citing *Johnson*, 617 F.3d at 397 and *United States v. Cabrera-Belran*, 660 F.3d 742, 755 (4th Cir. 2011)).

At bottom, the purpose of the *Queen* test is to balance the relevancy of prior-act evidence with the risk that "it will be considered impermissibly as evidence of character." *McBride*, 676 F.3d at 396; *United States v. Hawkins*, 589 F.3d 694, 705 (4th Cir. 2009) (conducting a "balancing analysis pursuant to Federal Rules of Evidence 403 and 404(b)," in a case involving misjoinder, to determine whether "the probative value of the evidence would have been substantially out-weighed by the danger of unfair prejudice"). In analyzing the risk of unfair prejudice, the Fourth Circuit has expressed particular concern with introducing prejudicial evidence of acts unrelated to the subject of the charged offense, such as trying to use evidence of a defendant's drug use in a tax fraud case. *United States v. Cole*, 631 F.3d 146, 154–55 (4th Cir. 2011). Here, the evidence the United States seeks to introduce is directly related to the subject

5

matter at issue.

III. **ARGUMENT**

    A. **Evidence regarding the Defendant's 2014 through 2017 tax returns is relevant and not unfairly prejudicial**

The evidence that the Defendant filed tax returns for tax years 2014 through 2017 that did not report any income from Miracle Mansion, the same years during which he was deriving substantial personal benefit from his participation in the promotion of Miracle Mansion, easily clears the "low barrier to admissibility" under Federal Rule of Evidence 401. *Leftenant*, 341 F.3d at 346. The United States understands, based on explanations the Defendant provided in an interview with law enforcement, that part of his defense at trial will be that these funds were not fraudulently obtained because he was entitled to pay himself a salary for all of the work he was performing to create, develop, and construct Miracle Mansion. Specifically, the Defendant is expected to argue that he did not have the *means rea* necessary to be convicted on any of the fraud charges because he acted in good faith and truly believed that he was using the investor funds properly.

Given the centrality of the question of the Defendant's motivations and intent, the evidence that he filed federal income tax returns from 2014 through 207 that did not report his receipt of funds is highly probative of a material issue at trial. In particular, it is powerful evidence that he attempted to conceal the earnings that he was diverting from his participation in this fraud scheme from the government, thereby reflecting his knowledge of the fraud and his consciousness of guilt. And it is black-letter law, both in the Fourth Circuit and elsewhere, that evidence of concealment is probative of intent and consciousness of guilt. *See*, *e.g.*, *United States v. Zayyad*, 741 F.3d 452, 463 (4th Cir. 2014) (attempt to conceal indicated awareness of criminal intent); *United States v. Beverly*, 284 F. App'x 36, 40 (4th Cir. 2008) (noting that

6

"intent can be inferred from efforts to conceal the unlawful activity" (internal quotation omitted)); *see also United States v. Rosen*, 716 F.3d 691, 702 (2d Cir. 2013); *United States v. Hart*, 273 F.3d 363, 373-74 (3d Cir. 2001); *United States v. Davis*, 490 F.3d 541,549 (6th Cir. 2007); *United States v. Zichettello*, 208 F.3d 72, 105 (2d Cir. 2000). In fact, fraud itself is frequently defined to include "acts taken to conceal, create a false impression, mislead, or otherwise deceive . . . ." *United States v. Colton*, 231 F.3d 890, 898 (4th Cir. 2000). Under these circumstances, therefore, the evidence that the Defendant concealed his ill-gotten gains from this fraud scheme by filing tax returns between 2014 and 2017 that omitted any funds received from Miracle Mansion and that Miracle Mansion failed to file any tax returns goes directly to prove his intent to defraud, as well as his knowing participation in the charged conduct. Therefore, such evidence is admissible under FRE 401.

Moreover, the evidence is not excludable under FRE 403. That rule only requires the exclusion of relevant evidence "if its probative value is substantially outweighed" by any combination of the concerns enumerated in the Rule. And when it comes to assessing prejudice, as the Fourth Circuit has explained, "[t]he mere fact that the evidence will damage the defendant's case is not enough – the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (citation omitted) (emphasis in original). There is not substantial or unfair prejudice from admitting this evidence at trial. To the contrary, the only real prejudice from the evidence is that it tends to prove the Defendant's guilty *means rea*. But, as the Fourth Circuit has made clear, that sort of prejudice is not *unfair*, nor does it require exclusion of the evidence. *Id*.

7

To whatever limited extent the evidence may raise concerns as to unfair prejudice, those can be dispelled by a proper limiting instruction. *See United States v. Powers*, 59 F.3d 1460, 1467-68 (4th Cir. 1995) ("As to prejudicial effect, we note that cautionary or limiting instructions generally obviate such prejudice, particularly if the prejudice is slight . . . .") (internal citations and quotation marks omitted). For example, the Court could instruct the jury that they are not to consider whether the Defendant separately committed a criminal or civil offense by failing to report the funds on his tax returns, but instead are only to use that evidence of concealment of earnings to inform their decision as to the Defendant's mental state and intent on the charged fraud offenses.

### B. The evidence is also admissible under FRE 404(b) as proof of the Defendant's knowledge, motive, and intent

In addition, the proffered evidence also easily satisfies each step of the Rule 404(b) test. The evidence is plainly reliable, as it comes in the form of certified records and a certified statement of lack of records from the IRS. Moreover, the evidence that the Defendant failed to report the receipt of funds from Miracle Mansion in 2014, 2015, 2016, and 2017 while he was actively soliciting and spending Miracle Mansion's money is not being offered to prove his criminal character. Rather, as explained above, it is being offered to rebut the Defendant's anticipated trial defense that he had no idea that he was committing securities or wire fraud, but he sincerely believed that he was operating a legitimate entrepreneurial operation. More specifically, the fact that the Defendant failed to disclose the receipt of funds from his multi-year participation in this fraud scheme on his tax returns is probative of his consciousness of guilt and his fraudulent motive and intent to conceal his criminal activity from the government. The evidence thus goes directly to an element of the crimes charged: namely, the Defendant's

knowledge of the scheme's fraudulent objectives and his knowing and deliberate participation in it.

Under similar circumstances, the Fourth Circuit and district courts have affirmed the admission of evidence of a defendant's tax-filing history as "circumstantial evidence of possible illegal activity." *United States v. Watson*, 234 F. App'x 132, 133-34 (4th Cir. 2007) (finding no abuse of discretion when a district court admitted evidence of the defendant's failure to file tax returns, reasoning that the evidence was admissible under FRE 404(b) because it was "probative of whether [the defendant] was involved in the drug conspiracy charged in the indictment"); *United States v. Shah*, 2018 WL 835718 *3 (D. MD 2018); *United States v. Seko, et al*, 2017 WL 1318008 *2-3(E.D.V.A. 2017). Other circuits are in accord with the Fourth Circuit on the admissibility of evidence of failure to filed tax returns under FRE 404(b). *See, e.g., United States v. Jenkins*, 871 F.2d 598, 604-05 (6th Cir. 1989) (finding that a defendant's prior history of not filing tax returns was admissible in a prosecution for conspiracy to defraud the IRS under 18 U.S.C §371).

In short, evidence of the Defendant's failure to report the receipt of the funds from Miracle Mansion on any federal income tax return and Miracle Mansion's failure to file any federal income tax returns during the exact same years that he was participating in and deriving substantial income from this fraud scheme is highly probative of his motive and intent, and it would directly rebut his anticipated defense of good faith. Accordingly, it is relevant under FRE 401, admissible under FRE 404(b), and it not barred by FRE 403's balancing test, which excludes evidence only where "its probative value is *substantially* outweighed by a danger of . . . *unfair* prejudice. FRE 403 (emphasis added).

## IV. CONCLUSION

For the above reasons, the requested evidence should be admitted.

Respectfully submitted this 31st day of October 2022.

                DENA J. KING
                UNITED STATES ATTORNEY
                /s/ CARYN FINLEY
                CARYN FINLEY
                Assistant United States Attorney
                New York Bar Number: 3953882
                /s/ KENNETH SMITH
                KENNETH SMITH
                Assistant United States Attorney
                North Carolina Bar Number 17934
                United States Attorney's Office
                227 West Trade Street, Suite 1650
                Charlotte, NC 28202
                (704) 344-6222 (office)
                (704) 344-6629 (facsimile)