DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-253-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| MICHAEL MANDEL BALDWIN, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Acquittal. (Doc. No. 59). The Government has responded in opposition to the motion (Doc. No. 62). Thus, the matter is ripe for disposition.

**I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On November 17, 2022, after a jury trial, Defendant was convicted on the following two counts: (1) securities fraud, in violation of 15 U.S.C. §§ 78j and 78ff (Count One); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Two).[1] In its motion to acquit as to Count One, Defendant contends through counsel that the Government failed to satisfy essential elements of Count One. Defendant asks this Court to enter a post-verdict judgment of acquittal pursuant to Rule 29.

**II. LEGAL STANDARD**

The following outlines the standard of review in the Fourth Circuit for Defendant's post-verdict acquittal motion:

---

[1] The Court will not restate the underlying facts here since they are well known to the parties.

1

Federal Rule of Criminal Procedure 29(c) provides that, on a defendant's motion, a court may "set aside a jury verdict" and "enter an acquittal." A defendant who challenges the sufficiency of the evidence under this Rule faces an imposing burden. He must establish that the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt. When reviewing the sufficiency of the evidence supporting a criminal conviction, courts are limited to considering whether there is substantial evidence, taking the view most favorable to the government, to support it. In other words, the Court must uphold the jury's verdict if, when viewed in the light most favorable to the government, there is sufficient evidence from which any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. The jury, not the court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. Reversal of a jury's verdict of guilty is reserved for cases where the prosecution's failure is clear.

United States v. Robinson, 459 F. Supp. 3d 701, 704 (N.D.W.V. 2020) (citations omitted).

### III. DISCUSSION

Count One of the Bill of Indictment[2] charged Defendant with violating Title 15, United States Code, Sections 78j and 78ff, also known as securities fraud. To determine if a note is subject to the securities laws, a court must apply the "family resemblance test" adopted by the Supreme Court in Reves v. Ernst & Young, 494 U.S. 56, 63 (1990). Under this test, a note is

---

[2] Count One of the Superseding Bill of Indictment reads as follows:

> From at least early 2009 through on or about October 19, 2021, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant Michael Mandel Baldwin willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce and the mails, used and employed manipulative and deceptive devices and contrivances by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would and did operate as a fraud and deceit upon investors and others, in connection with the sale of securities, to wit: the investments in Miracle Mansion described above.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

2

Case 3:21-cr-00253-MOC-DCK   Document 66   Filed 02/01/23   Page 2 of 7

presumed to be a security unless the note resembles one of the several judicially enumerated instruments that are not securities. See Leemon v. Burns, 175 F. Supp. 2d 551, 558–59 (S.D.N.Y. 2001). If the note is not sufficiently similar to one of the non-security instruments, then the court must determine whether another category of such instruments should be judicially created by reference to the same four factors, identified in Reves: (1) the motivations that would prompt a reasonable buyer and seller to enter into the transaction; (2) the plan of distribution of the instrument; (3) the reasonable expectations of the investing public; and (4) whether some factor, such as the existence of another regulatory scheme, significantly reduces the risk of the instrument, thereby rendering application of the securities laws unnecessary. Id.

Here, in addition to reading the essential elements of this criminal offense of securities fraud[3] during the jury charge, the Court instructed the jury as to the four factors from Reves:

---

[3] As to the essential elements of Count One, the Court instructed the jury as follows:

> In order for you to find the defendant guilty of the charge contained in Count One, the Government must prove each of the following essential elements beyond a reasonable doubt:
>
> First: That the defendant knowingly, directly or indirectly, either:
>
> > (a) employed any device, scheme, or artifice to defraud as detailed in the bill of indictment; or
> > (b) made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading as detailed in the bill of indictment; or
> > (c) engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person as detailed in the bill of indictment;
>
> Second: That the defendant did so in connection with the purchase or sale of the securities described in the bill of indictment; and
> Third: The defendant made use of or caused another to use any means or instrumentality of interstate commerce, or of the mails; and

3

[Some securities] are debt securities, which represent borrowed money that must be repaid, with terms that stipulate the size of the loan, interest rate and maturity or renewal date.

Some notes are securities. In determining whether a "note" in this case is properly categorized as an investment such that it satisfies the definition of a security, you should consider:

(1) motivations – if the seller's purpose is to raise money for the general use of a business enterprise or to finance substantial investments and the buyer is interested primarily in the profit the note is expected to generate, the note is likely to be a "security."

(2) plan of distribution – if the "plan of distribution" of the notes gave rise to a reasonable expectation that the note was an instrument in which there is common trading for speculation or investment then it is likely to be a "security." If notes are sold to a wide range of unsophisticated people, the notes are more likely to be securities.

(3) public's reasonable perception – if the notes were sold as what the public would reasonably perceive to be investments, then the note is likely to be a "security."

(4) regulated by another scheme – if the note is not subject to regulation under another regulatory scheme and the application of the securities act is necessary to regulate the note, then it is likely to be a "security."

You must weigh these factors – none of which is dispositive – and determine whether the notes at issue are properly characterized as investments (which constitute securities) or properly characterized as consumer or commercial loans (which are not securities).

Here, Defendant has failed to meet his "imposing burden" of showing that the record demonstrates a lack of evidence from which a jury could find beyond a reasonable doubt that Defendant is guilty of securities fraud. See United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008). In other words, when viewing the evidence in the light most favorable to the Government, sufficient evidence exists from which "any rational trier of fact could find the essential elements

---

Fourth: That the defendant acted willfully and with the intent to deceive, manipulate or defraud.

4

of [securities fraud] beyond a reasonable doubt." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

In seeking to set aside the jury verdict on the securities fraud count, Defendant focuses on three of the many ways he obtained money for Miracle Mansion: the Groundswell program, the direct loans made payable to Miracle Mansion or Defendant himself, and the promissory notes Miracle Mansion issued to Carol Ware and its largest victim, Harbor Baptist Church ("HBC"). As he did during trial, in the acquittal motion, Defendant attempts to recategorize "investments" as "loans" to avoid application of the securities laws. Defendant focuses on certain promissory notes to attack the securities fraud conviction, but he some of the investments offered by Defendant (money provided to Miracle Mansion with the expectation of a significant return based on the success of Miracle Mansion) fall squarely within the federal securities regulatory framework. For example, Pastor Simmons' $60,000 investment and HBC staff's $10,000 investment are sufficient to justify the jury's guilty verdict on Count One. Moreover, the Government's trial evidence showed that Defendant solicited and received money from "Groundswellers," who expected significant financial returns on their investments and/or future options to reinvest in Miracle Mansion.

At trial, the Government presented evidence showing that Defendant and others initially presented the $300,000 promissory note between HBC and Miracle as an investment rather than a loan, and it was only later that Defendant and others attempted to change the terms and conditions of the $300,000 investment so that it became a loan. During the trial, former HBC Deacon and Treasurer Darryl Crenshaw testified about how Pastor Simmons changed the terms and conditions of the church's $300,000 investment in Miracle Mansion. Crenshaw's understanding of the HBC investment mirrored the understanding of the church membership,

5

which expressed shock and anger when it learned that its investment and hope for a share of Miracle Mansion's success had been reduced to a five-year promissory that, to date, has not been fully repaid. Crenshaw's understanding of HBC's provision of funds to Miracle Mansion as an investment was based on presentations made by Defendant to the deacons and then to the congregation during the congregational meeting.

Despite Defendant's efforts to avoid the reach of securities law, the promissory notes issued by Miracle Mansion, whether to Groundswellers or HBC qualify as "securities" under the four Reves factors. Moreover, as the Government notes, many courts have ruled that promissory notes like the ones Defendant offered to Miracle Mansion investors are "securities." See Shaper v. Zadek, 557 F. Supp. 3d 969 (N.D. Cal. 2021) (where the court applied the four Reves factors and held that loans in the form of promissory notes were securities); S.E.C. v. Wallenbrock, 313 F.3d 532 (9th Cir. 2002) (where the court applied the Reves test and held that short-term loans, in the form of promissory notes issued by an investment firm and allegedly secured by accounts receivables, were still securities); S.E.C. v. Zada, 787 F.3d 375 (6th Cir. 2015) (where the court rejected a con man's efforts to call investments "loans" to avoid the reach of securities laws and found that the promissory notes the defendant sold to investors were securities).

Finally, the Court agrees with the Government that, even assuming that the Miracle Mansion promissory notes issued to HBC and Carol Ware were viewed through an "investment contract" lens, they would still be treated as securities under the applicable law. Courts have also deemed "investment contracts" like the ones offered by Miracle Mansion to be securities. In S.E.C. v. Edwards, 540 U.S. 389 (2004), the United States Supreme Court analyzed an investment scheme in which the promoter promised a fixed rate of return to persons who bought pay phones and then leased them back to the promoter for monthly payments. Applying the

6

Howey test to determine if an investment constitutes a security, the Edwards Court held "an investment scheme promising a fixed rate of return can be an 'investment contract' and thus a 'security' subject to the federal securities laws." Edwards, 540 U.S. at 397.

In sum, when viewing the evidence in the light most favorable to the Government, sufficient evidence exists from which a rational trier of fact could find the essential elements of securities fraud beyond a reasonable doubt. The Court will therefore deny Defendant's acquittal motion.

## IV. CONCLUSION

For the reasons stated herein, the Court will deny Defendant's motion for acquittal.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Acquittal on Count One, (Doc. No. 59), is **DENIED**.

Signed: February 1, 2023

Max O. Cogburn Jr
United States District Judge